IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHM INDUSTRIES, INC., ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION 4:08-CV-454-Y |
| | § | |
| STRUCTURAL & STEEL | § | |
| PRODUCTS, INC., ET AL. | § | |

## ORDER OF DISMISSAL OF CLAIMS FOR ATTORNEYS' FEES

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [doc. #9] pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that the allegations in Plaintiffs' complaint demonstrate that Plaintiffs cannot recover attorneys' fees as asserted in counts I, II, III, and XIV of the first amended complaint. For the following reasons the Court GRANTS the motion and DISMISSES WITH PREJUDICE the claims for attorneys' fees in counts I, II, and III, and the claim for attorneys' fees pursuant to Texas Civil Practice and Remedies Code section 37.009 in count XIV of the Plaintiffs' complaint.

### I. Background

On February 7, 2008, plaintiffs CHM Industries, Inc. ("CHM"), and KMA Associates, LP ("KMA") (together, "Plaintiffs"), filed their complaint alleging various acts by Defendants Structural and Steel Products, Inc. ("SSP"); Stratus Products ("Stratus"), a division of SSP; Structural and Steel Manufacturing, Ltd. ("SSPM"); Mark Wendt; Bill Shoemaker; Juan Gutierrez; and Joe Troop (together, "Defendants").

Among the acts alleged were those of copyright infringement that form the basis of Plaintiffs' requests for attorneys' fees in counts I, II, and III.

In count I of its first amended complaint, Plaintiffs allege that Defendants engaged in copyright infringement of certain drawings and technical data used in Plaintiffs' production of high-mast-lighting lowering devices for the Texas Department of Transportation ("TxDOT copyrighted works"). According to the exhibits in support of Plaintiffs' complaint, the TxDOT copyrighted works were registered with the Copyright Office on February 6, 2008. Plaintiffs' original complaint, alleging infringement of the TxDOT copyrighted works, was filed February 7.

In count II of its first amended complaint, Plaintiffs allege that Defendants engaged in copyright infringement of certain drawings of Plaintiff's commercial and sports high-mast lighting applications ("commercial copyright works"). These works were registered with the Copyright Office on February 29. Plaintiff's first amended complaint adding claims of infringement of the commercial copyright works, as well as the count III claim of contributory copyright infringement, was filed March 11.

Within the complaint, Plaintiffs allege "Defendants, without authority, reproduced and distributed to others works that are identical or substantially similar to the TxDOT Copyrighted Works, and/or prepared and distributed unauthorized derivative works of the

TxDOT Copyrighted Works." Plaintiffs make an identical allegation related to the commercial copyright works. More specifically, in regard to counts one and two, as well as their count-three complaint of contributory infringement, Plaintiffs allege that the events leading up to the infringements at issue in this case began as early as May 2004. It was then that Mark Wendt, an operations administration manager, stopped working for CHM and began work for SSP.

Plaintiffs go on to allege that as the business relationship between CHM, SSP, and Stratus expanded, SSP and Stratus were privy to an increasing amount of CHM's internal information. By July 2006, Plaintiff's allege, Defendant's had begun to transfer or use CHM's trade secrets and copyrighted works without permission. Plaintiffs further allege that Bill Shoemaker, at the time a CHM field service worker and product manager, sent Wendt CHM financial and product design information that was neither relevant or necessary to the business relationship between SSP and CHM.

Plaintiffs contend that, as of January 2007, Defendants had begun to recruit employees from plaintiff CHM. Plaintiffs allege that, in March 2007, two CHM employees, Shoemaker and Juan Gutierrez, a CHM draftsman, had left CHM for SSP. Finally, Plaintiffs contend that as of March 2006 SSP did not manufacture or sell high-mast lighting applications. Even so, Plainitiffs aver, SSP hired former CHM employees (Wendt, Shoemaker, and Gutierrez) and used their knowledge of CHM's designs, as well as CHM design information obtained

through the business relationship between SSP and CHM, to begin designing high-mast lighting applications nearly identical to those made by CHM as of April 2007.

## II. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). As a result, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983) (quoting Wright & Miller, *Federal Practice and Procedure* § 1357 (1969)). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum*, 677 F.2d at 1050.

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 & 1974 (2007).

In considering a motion to dismiss for failure to state a claim, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Documents attached to or incorporated in the complaint are considered part of the plaintiff's pleading. *See* FED. R. CIV. P. 10(c); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2nd Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). "Where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Martinez v. Reno*, No. 3:97-CV-0813-P, 1997 WL 786250, at *2 (N.D. Tex. Dec. 15, 1997) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *accord Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). Similarly, documents of public record can be considered in ruling on a 12(b)(6) motion to dismiss. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir.

1995).

III. Attorneys' Fees Under Copyright Law

A. Governing Law

Recovery of attorneys' fees in a copyright-infringement case is governed by 17 U.S.C. §§ 412, 504, and 505. As relevant to this case, section 412 provides that attorneys' fees are not to be awarded for "any infringement of copyright in an unpublished work commenced before the effective date of its registration . . . ." 17 U.S.C. § 412(1). Plaintiffs admit that the works at issue in this case are unpublished. Also, Plaintiffs' pleadings clearly establish the dates that the TxDOT and commercial copyright works were registered. Thus, resolution of this motion turns on when the infringement "commenced" for purposes of section 404.

Case law on the definition of commencement is sparse. The clearest definition of the phrase "commencement of infringement" comes from *Mason & Mason Engineers, Inc., v. Montgomery Data, Inc*. 741 F. Supp. 1282 (S.D.T.X. 1990). In *Mason*, the Southern District defined the phrase to mean "the first act of infringement in a series of on-going separate infringements." *Mason*, 741 F. Supp. at 1286 *rev'd on other grounds by Mason v. Montgomery Data, Inc.*, 967 F.2d 135 (5th Cir. 1992); *Maston*, 967 F.2d at 143-144 (noting that the section is open to interpretation but approving of the district court's decision barring attorneys' fees for infringement commenced after

registration and noting support for the district court's interpretation of commencment in the section's legislative history and in other sections). The rulings of the majority of courts that have addressed the issue, including two district courts in this circuit, indicate that one act of infringement occurring before copyright registration bars attorneys' fees under section 412. *See Guillot-Vogt Assocs. v. Holly & Smith*, 848 F. Supp. 682, 691 (E.D. La. 1994) ("[E]very case that this Court has reviewed or has been referred to has denied the award of statutory damages where pre-registration infringement occurred . . . ."); *see also Evans Newton, Inc., v. Chicago Systems Software*, 793 F.2d 889, 896 (7th Cir. 1986) (Section 412 "prohibits the award of . . . attorneys' fees unless the plaintiff registers its copyright prior to the infringement"); *Whelan Assocs., Inc. v. Jaslow Dental Lab.,* 609 F. Supp. 1325, 1331 (E.D. Pa. 1985) (citing *Streeter v. Rolfe*, 491 F. Supp. 416, 421-22 (W.D. La. 1980)).

The only case from this circuit to deal with the commencement issue in the context of a 12(b)(6) motion, however, denied the motion because the non-movant plaintiff alleged post-registration infringement was of a different "type" than the pre-registration alleged. *See Guillot-Vogt Assocs.*, 848 F. Supp. at 691. Moreover, dismissal of a claim for attorneys' fees in a copyright case may be all the more inappropriate prior to any significant discovery. *See Streit v. Bushnell*, 424 F. Supp. 2d 633, 643 (S.D.N.Y. 2006).

B.  Analysis - Copyright Infringement Counts I, II, and III

As discussed above, under section 412, a plaintiff is entitled to attorneys' fees only if the alleged infringement commenced after the effective date of registration. *See Mason*, 741 F. Supp. at 1286 *aff'd by* 967 F.2d 125, 143-144 . The complaint alleging infringement of the TxDOT works was filed February 7, 2008. In relation to the TxDOT copyrighted works, the effective date of registration was February 5, 2008. *See* 17 U.S.C. § 410(d). Thus, any infringement of the TxDOT works alleged in the complaint that would entitle Plaintiffs to attorneys' fees must have occurred after February 5, 2008. The Plaintiffs' first amended complaint alleging infringement of the commercial works was filed March 11, 2008. Registration for the commercial copyright works was effective February 29, 2008. *See* 17 U.S.C. § 410(d). Thus, any infringement of the commercial copyright works alleged in the amended complaint must have occurred after February 29, 2008.

But Plaintiffs have not even alleged this. Instead, every date specifically alleged by Plaintiffs predates the registration of both the TxDOT and commercial copyright works. Plaintiffs contend that, by July 2006, Defendants had begun to transfer or use CHM's trade secrets and copyrighted works without permission. Plaintiffs go on to assert that Defendants' scheme was in full swing no later than January 2007. Therefore, the infringement alleged in counts I, II, and III had most likely commenced by July 2006 and, in any event,

certainly commenced by January 2007. This is well before the February 5 and February 29, 2008, effective registration dates.

Moreover, to qualify Plaintiffs for attorneys' fees under section 412, any infringement occurring post-registration must have been of a different "type" than any ongoing course of infringement commenced prior to registration. *See Mason*, 741 F. Supp. at 1286. *See also Guillot-Vogt Assocs.*, 848 F. Supp. at 691 (dismissing defendant's 12(b)(6) motion where plaintiff alleged various independent acts of infringement); *Signh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 536 (E.D.N.Y. 1988) (finding individual acts within a series of similar infringments occurring after registration did not entitle plaintiff to attorneys' fees). An alleged act of post-registration infringement may be of a different "type" when it violates a "separate and distinct exclusive right[]" protected by the Copyright Act when compared with the alleged pre-registration acts of infringement. *See Guillot-Vogt Assocs.*, 848 F. Supp. at 691 (denying a motion to dismiss because the plaintiff alleged pre-registration infringement involved only the exclusive right to reproduce, while alleged post-registration infringement dealt with rights relating to distribution and derivative works).

Again, Plaintiffs' complaint does not allege this. As a result, unlike the plaintiffs in *Guillot-Vogt Associates*, Plaintiffs cannot rely on the theory that some post-registration infringements may be of a different "type" than pre-registration infringements to avoid

dismissal of their claims for attorneys' fees under rule 12(b)(6). *See Guillot-Vogt Assocs.*, 848 F. Supp. at 691. Nor, without any pleadings of such post-registration infringements, can Plaintiffs simply point to the need for discovery to stave off dismissal under 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) ("factual allegations must be enough to raise a right to relief above the speculative level").

Indeed, Plaintiffs' pleadings belie any claim of different types of infringement post-registration. Plaintiffs' own pleadings characterize Defendants' actions as a "scheme" rather than as a series of unrelated acts. Plaintiffs allege that Defendants "have infringed and will continue to infringe" Plaintiffs' copyrighted works. Yet all the ways that Plaintiffs allege Defendants have and will continue to infringe are ways that, if proven, began before the relevant registration dates. This is to be expected, given that Plaintiffs registered the works at issue in this case only days before filing the complaints alleging infringement.

IV. Attorneys' Fees Under the Texas Declaratory Judgment Act

Section 37.009 of the Texas Civil Practice and Remedies Code allows for the recovery of attorneys' fees in an action brought under the Uniform Declaratory Judgments Act. Plaintiff have not brought such an action. Further, in its reply to Defendants' motion to dismiss, Plaintiff acknowledges that its request for attorneys' fees under this section was inadvertent.

V. Conclusion

Because the acts of infringement alleged by Plaintiffs commenced before the effective dates of registration of Plaintiffs' copyrights, and because the Plaintiffs' have failed to allege specific facts demonstrating post-registration infringement of a different type than pre-registration infringement, the claims for attorneys' fees pursuant to the Copyright Act in counts I, II, and, III are DISMISSED WITH PREJUDICE. Further, because section 37.009 of the Texas Civil Practice and Remedies Code is inapplicable to this case and because the request for attorneys' fees pursuant to section 37.009 was inadvertently pled, that portion of Count XIV is DISMISSED WITH PREJUDICE as well.

SIGNED October 27, 2008.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE